

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 13, 2016

## STATE OF TENNESSEE v. JONATHAN WAYNE UTZ

**Appeal from the Circuit Court for Moore County**
**No. 15-CR-1363      Forest A. Durard, Jr., Judge**

_____

### No. M2016-01244-CCA-R3-CD

_____

The Defendant, Jonathan Wayne Utz, pled guilty to one count of aggravated sexual battery, a Class B felony. See Tenn. Code Ann. § 39-13-504. The trial court sentenced the Defendant as a Range I, standard offender to a term of imprisonment of nine years and six months to be served at one hundred percent. In this appeal as of right, the Defendant contends that "the sentence in this case is excessive and contrary to the law." Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Donna Orr Hargrove, District Public Defender; and Andrew Jackson Dearing III, Assistant District Public Defender, for the appellant, Jonathan Wayne Utz.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Counsel; Robert James Carter, District Attorney General; and Hollynn Eubanks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant was indicted for one count of rape of a child, a Class A felony. See Tenn. Code Ann. § 39-13-522. The Defendant and the State entered into a plea agreement in which the Defendant agreed to plead guilty to the lesser offense of aggravated sexual battery. At the plea submission hearing, the State presented the following factual basis to support the guilty plea. In early August 2015, the victim, the Defendant's four-year-old nephew, spent the weekend with the Defendant. Afterwards, the victim told his mother that the Defendant had forced him to perform fellatio on the

Defendant. The Defendant testified that the State's recitation was "an accurate statement" and that he was "in fact guilty."

The victim's mother testified at the sentencing hearing that the victim had "lost [his] innocence," was afraid of men, and "no longer want[ed] to be held or loved." The victim's mother further testified that the victim was restless and had trouble sleeping since the incident occurred. However, the victim's mother admitted that she had not sought any counseling for the victim. Additionally, the Defendant's presentence report was entered into evidence at the sentencing hearing. The report revealed that the Defendant had one prior misdemeanor conviction for possession of drug paraphernalia. The Defendant also admitted in the report to past marijuana use.

The trial court found that the Defendant was a Range I, standard offender subject to a sentencing range of "not less than eight (8) nor more than twelve (12) years" for the Class B felony conviction. Tenn. Code Ann. § 40-35-112(a)(2). The trial court applied the following enhancement factors: that the Defendant had a previous history of criminal convictions or behavior, in addition to those necessary to establish the appropriate range, and that the Defendant had abused a position of private trust. Tenn. Code Ann. § 40-35-114(1), (14). The trial court also found that the "catchall" mitigating factor applied because the Defendant pled guilty rather than subject the victim to a trial. Tenn. Code Ann. § 40-35-113(13).

The trial court stated that it placed more weight on the Defendant's abuse of a position of private trust than it did his history of criminal behavior, but gave "some weight" to his past criminal behavior. The trial court gave "little weight" to the "catchall" mitigating factor. Weighing the applicable enhancement and mitigating factors, the trial court sentenced the Defendant to nine years and six months, just below the midpoint of the applicable sentencing range. The Defendant now appeals to this court.

On appeal, the Defendant contends that "the sentence in this case is excessive and contrary to the law." The Defendant argues that the imposed sentence "does not fit the crime or the offender" and that "[t]he facts of this case do not justify this sort of sentence." However, nowhere in his brief does the Defendant provide any specific statement as to why a sentence of nine years and six months is excessive in light of the circumstances of the offense. The Defendant also argues that a lesser sentence "would help conserve prison resources." The State responds that the trial court did not abuse its discretion in imposing a nine-and-a-half-year sentence and that the Defendant has not overcome the presumption of reasonableness granted to the in-range sentence.

Appellate courts are to review "sentences imposed by the trial court within the appropriate statutory range . . . under an abuse of discretion standard with a presumption

of reasonableness." State v. Bise, 380 S.W3d 682, 709 (Tenn. 2012) (internal quotation marks omitted). A sentence will be upheld "so long as the statutory purposes and principles [of the Sentencing Reform Act] . . . have been properly addressed." Id. at 706. If this is true, this court may not disturb the sentence even if a different result were preferred. State v. Carter, 254 S.W.3d 335 (Tenn. 2008). Even if the trial court has misapplied an enhancement or mitigating factor, the sentence will be upheld if "there are other reasons consistent with the purposes and principles of sentencing, as provided by statute . . . ." Bise, 380 S.W.3d at 706. On appeal, the burden is on the defendant to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d).

The Sentencing Reform Act was enacted in order "to promote justice" by ensuring that every defendant "be punished by the imposition of a sentence justly deserved in relation to the seriousness of the offense." Tenn. Code Ann. § 40-35-102. In order to implement the purposes of the Sentencing Reform Act, trial courts must consider several sentencing principles. The sentence imposed for an offense "should be no greater than that deserved for the offense committed" and "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(2), (4). Sentences involving incarceration "should be based on the following considerations":

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(2). Trial courts should consider the "potential or lack of potential for the rehabilitation or treatment of the defendant" when "determining the sentence alternative or length of term to be imposed." Tenn. Code Ann. § 40-35-103(5).

Additionally, the trial court must consider: (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b). To facilitate appellate review, "it is critical that [a] trial court[] adhere[s] to the statutory requirement set forth in Tennessee Code Annotated section 40-35-210(e)" and articulates in the record its reasons for imposing the specific sentence. Bise, 380 S.W.3d at 705 n.41.

The Defendant does not allege that the trial court misapplied any of the enhancement or mitigating factors. The trial court, after determining the appropriate sentencing range and applicable enhancement and mitigating factors, articulated its reasons for enhancing the Defendant's sentence from the minimum eight years to nine years and six months. The trial court's sentence was consistent with the purposes and principles of sentencing. We do not believe that the trial court's imposition of a sentence below the midpoint of the applicable sentencing range was excessive in light of the factual basis provided by the State for the Defendant's guilty plea. Nor do we believe that the addition of a year and a half to the Defendant's sentence would place an undue burden on "prison resources." We conclude that the Defendant has not overcome the presumption of reasonableness granted to the trial court's in-range sentence and that the trial court did not abuse its discretion in setting the length of the Defendant's sentence.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE